Justin B. Perri (justin@blackstone-law.com)
John D. Lovi (john@blackstone-law.com)
**BLACKSTONE LAW GROUP LLP**
1201 Broadway, 9th Floor
New York, New York 10001
Telephone/ Facsimile: (212) 779 3070
*Counsel to Plaintiff Little Red Robot LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LITTLE RED ROBOT LLC,** | |
| Plaintiff, | Civil Action No. 19-4426 |
| – against – | **ANSWER TO COUNTERCLAIM** |
| **VOLVOX LABS LLC** and **VVOX STUDIO,** | *DOCUMENT ELECTRONICALLY FILED* |
| Defendants. | |

Plaintiff Little Red Robot LLC ("LRR"), by its attorneys, Blackstone Law Group LLP,

for its Answer to the Counterclaim by Volvox Labs LLC ("Volvox"):

1.      Denies the allegations in paragraph 1, but admits the Counterclaim purports to

state various causes of action.

2.      Admits the allegations of paragraph 2.

3.      Admits the allegations of paragraph 3.

4.      Admits the allegations of paragraph 4.

5.      Denies the allegations of paragraph 5, but admits that LRR contacted Volvox on

or about November 26, 2018, to inquire whether they would be interested in working on a project

for Samsung.

6.      Denies the allegations of paragraph 6, but admits that on December 5, 2018, LRR chose Volvox over several other companies to work on the "Art of Fitness" and the "Vinyl Workout" experiences for Samsung Korea.

7.      Admits the allegations of paragraph 7, but further states that the allegations do not completely describe the extent of the Samsung Galaxy Experience program or LRR's role in its development and marketing.

8.      Admits the allegations of paragraph 8.

9.      Denies the allegations of paragraph 9.

10.     Denies the allegations of paragraph 10.

11.     Denies the allegations of paragraph 11.

12.     Denies the allegations of paragraph 12, but admits that on or about November 26, 2018, Volvox told LRR that it wanted to work on the Samsung project.

13.     Denies the allegations of paragraph 13 and denies knowledge or information sufficient to form a belief as to whether every binding written agreement between LRR and Defendants was fully executed.

14.     Denies the allegations of paragraph 14, but admits that Volvox purports to believe that the only way a party can accept a contract is by signing it and that LRR disagrees with that legal premise.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.     Denies the allegations of paragraph 18.

19.     Denies the allegations of paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and states that LRR had requested backup for this claimed expense before this lawsuit was commenced but VVOX refused to provide any such proof to LRR.

21.     Denies the allegations of paragraph 21.

22.     Denies the allegations of paragraph 22, but admits that LRR paid VVOX the amounts stated on the dates alleged.

23.     Denies the allegations of paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, but admits that Volvox did issue various invoices to LRR.

25.     Admits the allegations of paragraph 25, but states that Defendants were told that Seth Shukovsky, Travis Craw, and Benny Goldman also were points of contact for LRR.

26.     Denies the allegations of paragraph 26, and states that Seth Shukovsky, the principal of LRR, did not approve the unpaid invoices.

27.     Denies the allegations of paragraph 27, but states that all invoices paid by LRR were done with a reservation of rights due to numerous unresolved billing complaints and inquiries.

28.     Denies the allegations of paragraph 28, but states that LRR learned of the improper billing practices of Defendants soon after the VVOX invoice was paid, and LRR subsequently disputed the VVOX invoice and requested supporting documentation.

29.    Denies the allegations of paragraph 29, but admits that a payment by LRR was made to VVOX on or about April 10, 2019.

30.    Denies the allegations of paragraph 30.

31.    Denies the allegations of paragraph 31, but admits that Volvox sent invoices to LRR on or about February 26, 2019.

32.    Denies the allegations of paragraph 32, but admits that Volvox sent an invoice to LRR on or about March 11, 2019.

33.    Denies the allegations of paragraph 33, but admits that Volvox sent an invoice to LRR on or about March 12, 2019.

34.    Denies the allegations of paragraph 34.

35.    Denies the allegations of paragraph 35, but admits that Volvox sent an invoice to LRR on or about March 12, 2019.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and refers to the alleged email for a complete statement of its contents.

37.    Denies the allegations of paragraph 37.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.    Denies the allegations of paragraph 39, but admits that Volvox sent invoices to LRR on or about March 13 and April 3, 2019.

40.    Admits the allegations of paragraph 40.

**FIRST CLAIM FOR RELIEF**

41.     LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 40 above as though fully stated herein.

42.     Denies the allegations of paragraph 42, but admits that LRR and Defendants are bound to the terms of all contracts to which the parties agreed.

43.     Denies the allegations of paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and refers to Invoice 1281 for a complete statement of its contents.

45.     Denies the allegations of paragraph 45 to the extent they purport to be a complete statement of Volvox's responsibilities under the Samsung project.

46.     Denies the allegations of paragraph 46 to the extent they purport to be a complete statement of Volvox's responsibilities under the Samsung project.

47.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, but admits that it understood that Volvox had retained Pink Sparrow to perform some work on the Samsung project.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.     Admits the allegations of paragraph 49.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.     Denies the allegations of paragraph 51.

52.     Admits the allegations of paragraph 52, but states that attempts were made by LRR through its counsel to resolve the billing dispute involving Invoice 1281, but Defendants and their counsel were uncooperative.

53.     Denies the allegations of paragraph 53.

54.     Denies the allegations of paragraph 54.

## SECOND CLAIM FOR RELIEF

55.     LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 54 above as though fully stated herein.

56.     Denies the allegations of paragraph 56.

57.     Denies the allegations of paragraph 57.

58.     Denies the allegations of paragraph 58.

59.     Denies the allegations of paragraph 59.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.     Denies the allegations of paragraph 61.

## THIRD CLAIM FOR RELIEF

62.     LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 61 above as though fully stated herein.

63.     Denies the allegations of paragraph 63 and refers to Invoice 1290 for a complete statement of its contents.

64.     Denies the allegations of paragraph 64.

65.     Denies the allegations of paragraph 65.

66. Denies the allegations of paragraph 66, but admits that Volvox is purportedly confused about what contracts entered into by between the parties govern its conduct and obligations.

67. Denies the allegations of paragraph 67.

68. Denies the allegations of paragraph 68.

69. Denies the allegations of paragraph 69, and states that the allegations are speculative.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71.

72. Denies the allegations of paragraph 72, but admits that Volvox did provide services to LRR as obligated to under various contracts and that LRR paid for those services in full. In addition, LRR overpaid for some services that Volvox provided, paid for services that Volvox billed but were not required under any contract, and was billed for phantom services that Volvox never provided.

73. Denies the allegations of paragraph 73.

74. Denies the allegations of paragraph 74.

### FOURTH CLAIM FOR RELIEF

75. LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 74 above as though fully stated herein.

76.     Denies the allegations of paragraph 76 and states that LRR contracted with

Volvox to perform the duties and obligations stated in the contract or contracts entered into by

the parties, and refers to those contract(s) for a complete statement of their terms.

77.     Denies the allegations of paragraph 77.

78.     Denies the allegations of paragraph 78.

79.     Denies the allegations of paragraph 79.

80.     Denies the allegations of paragraph 80.

81.     Denies the allegations of paragraph 81.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 82.

83.     Denies the allegations of paragraph 83.

84.     Denies the allegations of paragraph 84.

85.     Denies the allegations of paragraph 85.

86.     Denies the allegations of paragraph 86.

87.     Denies the allegations of paragraph 87.

88.     Denies the allegations of paragraph 88.

89.     Denies the allegations of paragraph 89 and refers all purported statements of law

to the Court.

90.     Denies the allegations of paragraph 90.

91.     Denies the allegations of paragraph 91.

92.     Denies the allegations of paragraph 92.

93.     Denies the allegations of paragraph 93.

94.     Denies the allegations of paragraph 94.

95.     Denies the allegations of paragraph 95.

## FIFTH CLAIM FOR RELIEF

96.     LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 95 above as though fully stated herein.

97.     Denies the allegations of paragraph 97 and states that LRR contracted with Volvox to perform the duties and obligations stated in the contract or contracts entered into by the parties, and refers to those contract(s) for a complete statement of their terms.

98.     Denies the allegations of paragraph 98 and states that other third parties wrote source code, in addition to Volvox.

99.     Denies the allegations of paragraph 99.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101.

102.    Denies the allegations of paragraph 102.

103.    Denies the allegations of paragraph 103.

104.    Denies the allegations of paragraph 104.

105.    Denies the allegations of paragraph 105.

106.    Denies the allegations of paragraph 106.

107.    Denies the allegations of paragraph 107.

## SIXTH CLAIM FOR RELIEF

108.    LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 107 above as though fully stated herein.

109.   Denies the allegations of paragraph 109 and states that LRR contracted with Volvox to perform the duties and obligations stated in the contract or contracts entered into by the parties, and refers to those contract(s) for a complete statement of their terms.

110.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110.

111.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111.

112.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112.

113.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113.

114.   Denies the allegations of paragraph 114.

115.   Denies the allegations of paragraph 115.

116.   Denies the allegations of paragraph 116.

117.   Denies the allegations of paragraph 117.

118.   Denies the allegations of paragraph 118.

119.   Denies the allegations of paragraph 119.

## SEVENTH CLAIM FOR RELIEF

120.   LRR repeats, re-alleges, and incorporates by reference each and every answer contained in paragraphs 1 through 119 above as though fully stated herein.

121.   Denies the allegations of paragraph 121.

122.   Denies the allegations of paragraph 122.

123.   Denies the allegations of paragraph 123.

124.     Denies the allegations of paragraph 124.

125.     Denies the allegations of paragraph 125.

126.     Denies the allegations of paragraph 126.

127.     Denies the allegations of paragraph 127.

## EIGHTH CLAIM FOR RELIEF

128.     LRR repeats, re-alleges, and incorporates by reference each and every answer

contained in paragraphs 1 through 127 above as though fully stated herein.

129.     Denies the allegations of paragraph 129, but admits that Volvox met with

Samsung on a number of occasions that were arranged through LRR.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 130.

131.     Denies the allegations of paragraph 131.

132.     Denies the allegations of paragraph 132.

133.     Denies the allegations of paragraph 133.

Dated: New York, New York
          September 23, 2021

**BLACKSTONE LAW GROUP LLP**

/s/ Justin B. Perri
Justin B. Perri (justin@blackstone-law.com)
John D. Lovi (john@blackstone-law.com)

1201 Broadway, 9th Floor
New York, New York 10001
Telephone/ Facsimile: (212) 779-3070

*Counsel to Plaintiff Little Red Robot LLC*